## THE SINGER & TALCOTT STONE COMPANY
### *v.*
## DILLON B. HUTCHINSON *et al.*

*Opinion filed February 19, 1900.*

1. EVIDENCE—*when proof of declarations of agent as to fact of agency is not error.* Permitting proof of the declarations of an agent as to the fact of his agency is not error if there is ample evidence of such agency outside of such declarations.

2. SAME—*when objections to questions are properly sustained.* Objections to questions put by a party to his own witness are properly sustained where the witness has already gone over the ground covered thereby, and particularly where many of the questions call for the intention or opinion of the witness, which were not matters material to be considered by the jury.

3. SAME—*when ruling on evidence in real estate commission case is not error.* In an action by a broker for commission for finding a purchaser for real estate, it is not reversible error for the court to sustain an objection to defendant's question whether plaintiff had brought the seller and purchaser together so they could negotiate the sale, where the witness had already stated that he did not introduce the seller and buyer and never proposed an introduction.

*Singer & Talcott Stone Co.* v. *Hutchinson,* 83 Ill. App. 668, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

IRA W. & C. C. BUELL, and A. B. JENKS, for plaintiff in error.

BARNUM, MOTT & BARNUM, (T. A. MORAN, of counsel,) for defendants in error.

Per CURIAM: This is a writ of error brought to reverse a judgment of the Appellate Court affirming a judgment of the superior court of Cook county, wherein the defendants in error recovered $15,496.33 as compensation for finding a purchaser for certain real estate owned by the plaintiff in error.

It was averred in the first count of the declaration that on a certain date the plaintiffs were engaged, as co-partners, in the real estate business in Chicago; that on the first day of June, 1892, in consideration that said plaintiffs, at the request of said defendant, would procure for said defendant a purchaser for certain real estate owned by said defendant, to-wit, lots 29, 30, 31, 32 and 33, (except the north ten feet of that part of said lot 33 lying west of the east one hundred and fifty-five feet thereof,) in block 88, in school section addition to Chicago, county of Cook, at the price of $10 per square foot or at such price as should be satisfactory to said defendant; said defendant promised that it would pay to said plaintiffs, for their services in that behalf, two and one-half per cent of the amount for which said real estate should be sold; that said plaintiffs, on the day and year aforesaid, at the place aforesaid, at the request of said defendant, did procure for said defendant a purchaser for said real estate at the price of $509,178, which said purchaser was, on the day and year aforesaid, accepted by said defendant, and the said real estate was then and there sold and conveyed by said defendant to said purchaser for said price of $509,178, by reason whereof said defendant became indebted to said plaintiffs, for the use of said William W. Post, in the sum of $15,000, etc. The declaration also contained the common counts. To the declaration the defendant pleaded the general issue.

It will not be necessary to state in detail the evidence introduced on the trial. The leading facts, however, as developed on the trial, were, in substance, as follows: Defendants in error, real estate brokers in Chicago, in January, 1892, were employed by the plaintiff in error, through its president, E. T. Singer, to find a purchaser for the property described in the declaration. The price to be paid was two and one-half per cent on the amount for which the property should be sold. The selling price given by Singer to Post was $10 per square foot, but the

understanding seemed to be that if a sale should be made to any one produced by Post at a price which was satisfactory to plaintiff in error, in that event defendants in error would be entitled to the commission. During the months of March and April, 1892, Post had various negotiations with different persons in regard to a sale of the property. Among others was one Chapin, who resided in Niles, Michigan, who had an agent in Chicago named Ulm. Post placed in the hands of Ulm and Chapin plats of the property furnished to him by plaintiff in error, and gave them the price of $10 per square foot in the latter part of March or early in April, 1892, and talked with them in regard to the sale of the property. He talked with Ulm about a sale of the property to Chapin as early as February or March, 1892, and before he saw Chapin. There was some discussion between them as to the number of square feet in the property, and Post testifies that Ulm told him, in the presence of Chapin, that they (meaning Chapin and Ulm) had looked at the property and thought favorably of it but that the price was too high; also, that before the final interview in April, 1892, ended, they (Chapin and Ulm) stated to him that they would consider the matter further and would communicate with him further about it. E. T. Singer was notified in April, 1892, by Post, that Chapin was a proposed purchaser. In April, 1892, Singer left Chicago and was absent until the following September. During the same time Chapin and his agent, Ulm, were away from Chicago, so that defendants in error during that time had no communication with them. In September, 1892, a man named Davis, who resided in Chicago, presented the property to Chapin for sale. Negotiations were carried on from time to time between him and Chapin and Ulm, which resulted in a contract of sale of the property on December 15, 1892, for $509,178. The contract was consummated by a deed conveying the property to Chapin January 3, 1893. In regard to the capacity in which Davis acted in the sale of the

property, the Appellate Court, in speaking in reference to this branch of the case, said: "We are satisfied, from a careful consideration of the evidence, that Davis, in the negotiations which he says he carried on for the sale of this property, acted as the agent of Chapin and not of plaintiff in error; that he was furnished with a plat of the property by either Chapin or Ulm, and was used by them as an intermediary to continue the negotiations which Post had begun between Chapin and Ulm and plaintiff in error, and that these negotiations resulted in the sale of the property."

The judgment of the Appellate Court affirming the judgment of the circuit court is final and conclusive as to all the facts and all inferences to be drawn from the facts. (*B. S. Green Co.* v. *Blodgett*, 159 Ill. 169; *Waldron* v. *Alexander*, 136 id. 550.) There is therefore nothing left for this court to pass upon except the ruling of the circuit court on the admission of evidence, and in giving, modifying and refusing instructions.

In regard to the admission of evidence, it is first claimed that the conversation between defendant in error Post and Ulm, and Post and Badger, was incompetent. As to the conversation had with Badger, it seems that he was a near neighbor of Chapin, and told Post it was not necessary for him to go to Niles, Michigan, to see Chapin; that his interest was represented here by John W. Ulm. What Badger said may not have been strictly competent evidence, but the evidence could not have prejudiced the plaintiff in error, and its admission can not be relied upon as error. Ulm said, "In dealing with me you are dealing with Mr. Chapin." Of course, the agency of Ulm could not be proven by his declarations, but there was ample evidence of his agency outside of the statement made by him. Indeed, Chapin admitted in his evidence that Ulm was his agent.

On cross-examination of plaintiff in error Post he was asked, "Did you bring Mr. Chapin and Mr. Badger to-

gether so they could negotiate the sale?" After the witness had answered the question, on motion of plaintiff in error to exclude a part of the answer the court ruled the question was improper. We see no particular objection to the question. But the ruling of the court cannot be regarded as reversible error, for the reason that the witness had stated several times that he did not introduce the seller and buyer; that he never proposed to either one to introduce him to the other.

After C. A. Chapin, a witness for the defendant, had testified fully in reference to all that had occurred between him, Post and Davis in regard to the purchase of the property, he was then interrogated as follows: "Prior to the time that this property was presented by Mr. Davis, were you ready and willing to buy it?" "When did you first consider seriously the purchase of this property?" "When did you first decide that you would buy this property?" "At the time this property was presented to you by Mr. Post or Mr. Ware, were you then disposed to buy?" "Who induced you, if anybody, to make this purchase?" "Through what agency did you buy this property?" All the questions were objected to, objection sustained and exception by defendant. The witness had already gone over the ground covered by these questions, and we see no reason why the defendant should be allowed to cross-examine his own witness. Moreover, many of the questions called for the opinion or intention of the witness, which was not a matter material to be considered by the jury.

The court gave four instructions in behalf of the plaintiffs and four on behalf of the defendant as asked, and modified instructions 5, 6, 7 and 8 asked by defendant and gave them as modified, and refused instruction No. 9. It is claimed that the ruling of the court on the instructions was erroneous. After a careful examination of the instructions we are satisfied that the jury were fully and fairly instructed in regard to all questions of law in-

volved in the case by the instructions which were given, and although the court may have erred in the modification of some of defendant's instructions, defendant has no just ground of complaint.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*